UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE DZIERZAWSKI,

                                        Bankruptcy Case No. 13-47986
                                        Adversary Proceeding No. 14-05199
      Debtor,                            HON. THOMAS J. TUCKER

RANDY K. DZIERZAWSKI,

      Appellant,                 Civil Action No. 14-CV-14615
vs.                                        HON. MARK A. GOLDSMITH

VULPINA, LLC,

      Appellee.

and

KIMBERLY DZIERZAWSKI,

      Appellant,                 Civil Action No. 14-CV-14734
                                        HON. MARK A. GOLDSMITH
vs.

VULPINA, LLC,

      Appellee.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTIONS TO WITHDRAW THE REFERENCE (Dkts. 1, 8)**

**I. INTRODUCTION**

Presently before the Court are motions to withdraw the reference to the bankruptcy court, filed by husband and wife Appellants Randy and Kimberly Dzierzawski. The briefing is complete on these motions, and the Court held a hearing on April 23, 2015. For the reasons discussed below, the Court denies the motions without prejudice.

## II. FACTUAL BACKGROUND

On December 28, 2012, Vulpina, LLC ("Vulpina") filed a complaint in this Court against Randy and Kimberly Dzierzawski and Vinifera Wine Co., LLC ("Vinifera"), seeking to avoid and recover an allegedly fraudulent transfer made from Randy to his wife, Kimberly. See Vulpina v. Dzierzawski, No. 12-15688, Am. Compl. (Dkt. 6). Vulpina's Complaint raised allegations that Randy had transferred 99% of his shares in Vinifera to Kimberly for less than adequate consideration, in an attempt to avoid a monetary judgment entered against him, assigned to Vulpina, and on which Vulpina was attempting to collect. See id.

On April 19, 2013, Randy filed for Chapter 7 voluntary bankruptcy. See In re Dzierzawski, No. 13-47986. In May 2013, Randy and Vinifera filed a notice of the Chapter 7 bankruptcy proceeding and automatic stay of litigation in the civil case against them. Vulpina, No. 12-15688, Notice (Dkt. 19). Vinifera was subsequently terminated from the litigation on its motion to dismiss. Id., 6/13/2013 Op. & Order (Dkt. 22). Thereafter, Kimberly filed a motion to stay, id., Mot. to Stay (Dkt. 24), which was granted, and the case was administratively closed, id., 10/15/2013 Op. & Order (Dkt. 28).

In November 2014, Vulpina filed an adversary proceeding in Randy's bankruptcy case, naming Randy and Kimberly as defendants, seeking to avoid and recover the same allegedly fraudulent transfer at issue in Vulpina's previous civil case. See In re Dzierzawski, No. 13-47986, Adversary Case No. 14-05199 (Dkt. 206). In December 2014, Randy filed a motion in this Court to withdraw the reference to the bankruptcy court. In re Dzierzawski, No. 14-14615, Debtor Mot. to Withdraw (Dkt. 8) [hereinafter Debtor Mot. to Withdraw]. Kimberly also filed a motion and joinder with Randy's motion to withdraw the reference. In re Dzierzawski, No. 14-14734, Appellant Mot. to Withdraw and Joinder (Dkt. 1) [hereinafter Appellant Mot. to

2

Withdraw].[1]

## III. ANALYSIS

Pursuant to this District's Local Rules, "all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges," unless otherwise withdrawn. E.D. Mich. LR 83.50. Title 11 sets forth grounds for both mandatory and permissive withdrawal, see 28 U.S.C. § 157(d), and the Dzierzawskis submit that, under the circumstances, the latter is appropriate here.

The Court may withdraw "in whole or in part, any case or proceeding . . . for cause shown." Id. What constitutes sufficient "cause" to withdraw a matter is not defined in the statute, and the Sixth Circuit appears not to have addressed the issue. However, courts in this District have identified several factors to consider: (i) whether a claim is core or non-core; (ii) the promotion of judicial economy; (iii) minimizing delay and costs to parties; (iv) the uniformity of bankruptcy administration; (v) discouraging forum-shopping; and (vi) any other related factors. Venture Holdings, Co., LLC v. Winget, No. 05-73639, 2006 WL 800790, at *1 (E.D. Mich. Mar. 6, 2006) (citing In re Burger Boys, 94 F.3d 755, 762 (2d Cir. 1996)); see also In re Motions to Withdraw Reference in Various Cases, Nos. 12-11555-11560, 12-11563-11565, 2012 WL 5381208, at *7 (E.D. Mich. Oct. 31, 2012) (most courts consider whether the claim is core or non-core before turning to considerations of (i) judicial economy; (ii) uniformity in bankruptcy administration; (iii) forum-shopping; (iv) economical use of debtor and creditor resources; (v) expediting the bankruptcy process; and (vi) the presence of a jury demand (citing In re Appalachian Fuels, LLC, 472 B.R. 731, 737 (E.D. Ky. 2012))).

---

[1] Kimberly's motion joins in Randy's motion and incorporates his arguments and analysis in their entirety. Appellant Mot. to Withdraw at 2.

3

The Dzierzawskis argue permissive withdrawal is appropriate here because (i) fraudulent transfer proceedings are non-core, and (ii) the Dzierzawskis have demanded a jury trial and do not consent to have the trial conducted by the bankruptcy judge. Debtor Mot. to Withdraw at 6. Because the matter will ultimately have to be withdrawn for the Court to conduct a jury trial, they argue that judicial economy is best served by immediate withdrawal. Id. at 14-15. Vulpina disputes that a fraudulent transfer proceeding is non-core, but appears to concede that should the matter proceed to trial, it will ultimately have to be withdrawn. Resp. at 6-10 (Dkt. 9). Nonetheless, Vulpina contends that the Dzierzawskis' jury demand does not warrant withdrawal at this time and urges the Court to consider, as other courts in this District have (i) whether the case is likely to reach trial, (ii) the likelihood of protracted and lengthy discovery, and (iii) the bankruptcy court's familiarity with the issues presented. Id. at 7.

Some courts have found the core/non-core distinction central to whether a matter should be withdrawn. See, e.g., In re Motions to Withdraw the Reference in Various Cases, 2012 WL 5381208, at *7; In re Skyline Concrete Floor Corp., 410 B.R. 564, 566-567 (E.D. Mich. 2008); In re Appalachian Fuels, 472 B.R. at 737. The bankruptcy code permits bankruptcy judges to issue final judgments and orders in a non-exhaustive list of core proceedings contained in the statute, but requires bankruptcy judges to submit proposed findings of fact and conclusions of law in non-core proceedings, which are then subject to the objections of the parties and de novo review by the district court. 28 U.S.C. §§ 157(b)(1), (c)(1); see also Boyd v. King Par, LLC, No. 1:11-CV-1106, 2011 WL 5509873, at *1 (W.D. Mich. Nov. 10, 2011). Accordingly, a stronger case for withdrawal may be made where a matter is non-core and will inevitably require the involvement of a district court.

However, regardless of whether this adversary proceeding is core or non-core, the Dzierzawski's jury demand and refusal to consent to a jury trial before the bankruptcy court necessarily renders the bankruptcy judge unable to enter a final judgment in this case.[2] Nonetheless, as the parties acknowledge, it is permissible for the bankruptcy court to retain authority over all pretrial proceedings leading up to trial, and for the district court to withdraw the matter only on the eve of trial. Indeed, some judges in this District have a standard policy of doing just that. E.g. In re Energy Conversion Devices, Inc., No. 12-12653, 2012 WL 5383165, at *2 (E.D. Mich. Oct. 26, 2012) (Rosen, C.J.) ("[T]he standard practice of this Court, and of others in this District, is to 'permit[ ] the Bankruptcy Judge to manage the pre-trial phase of the litigation, with this Court revisiting the matter of withdrawal if and when the case is ready for trial.'" (quoting In re Collins & Aikman Corp., No. 06-11512, 2006 WL 6584164, at *2 (E.D. Mich. June 15, 2006))); Official Comm. of Unsecured Creditors ex rel. Estate of Greektown Holdings, LLC v. Papas, Nos. 10-cv-12628, 10-cv-12742, 10-cv-12774, 2010 WL 4807067, at *2 (E.D. Mich. Nov. 18, 2010) (Borman, J.) ("Generally, the Courts of this District have denied withdrawing the reference until the case is ready for trial.") (collecting cases).

---

[2] Still, the Court observes that Vulpina's reliance on the statutory text for its argument that fraudulent transfer claims are core proceedings may be misplaced. Resp. at 4 (referring to 28 U.S.C. § 157(b)(2)(H)). The Supreme Court has recently identified a class of claims — so-called Stern claims — as to which bankruptcy courts may not issue final judgments, even though the bankruptcy code designates the claims as core. See Stern v. Marshall, 131 S. Ct. 2594, 2608 (2011); see also Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2172 (2014). It has also assumed, without deciding, that fraudulent transfer claims are a type of Stern claim, and held separately that Stern claims should be treated as non-core claims. Exec. Benefits Ins. Agency, 134 S. Ct. at 2172-2174. Perhaps taking a cue from that decision, other courts in this circuit have also concluded that fraudulent transfer claims are Stern claims and, therefore, are non-core. E.g. Williams v. Flying J Inc., No. 14-1184, 2014 WL 7411798, at *2, 3 (W.D. Tenn. Dec. 31, 2014); Emerson v. Treinish, No. 1:13-mc-52, 2014 WL 2807481, at *2-3 (N.D. Ohio June 20, 2014); In re Fisher, No. 10-63481, 2014 WL 8276560, at *2 (Bankr. S.D. Ohio Dec. 22, 2014) (recognizing that fraudulent transfer claims brought against individuals who have not filed proofs of claim are Stern claims); In re River City Resort, Inc., No. 14-10745, 2014 WL 3700564, at *9-11 (Bankr. E.D. Tenn. July 24, 2014).

To the extent those courts have a firm practice of denying motions to withdraw until the matter is ready for trial, the Court declines to adopt a similar policy. Given the varying issues that may arise in an adversary proceeding, the Court believes that a flexible analysis is the more prudent approach. Accordingly, the Court turns to the remaining factors to determine which court should handle the pretrial stage of this adversary proceeding.

At the hearing, it was revealed that the parties remain in the thick of fact discovery, as electronically-stored information ("ESI") has yet to be produced in the underlying bankruptcy matter and other ongoing adversary proceedings; a review of the ESI may necessitate further depositions or requests for rulings on the produced material. Vulpina stated that it believed the requested ESI would likely touch upon the transfer of interest at issue in the present adversary proceeding. Vulpina suggested that withdrawal of the proceeding at this stage would lead to the unfolding of ESI discovery in the district court and the bankruptcy court simultaneously. Furthermore, the parties have not yet commenced expert discovery, and at least one of the parties indicated that a dispute over expert methodology is likely.

From the Court's perspective, this matter remains in the early stages of litigation, and the certainty and timing of trial are far from clear. The bankruptcy judge has already adjudicated a number of discovery disputes between these parties, and is familiar with the issues likely to arise in the course of further discovery. Moreover, were the Court to withdraw the reference and oversee pretrial litigation on this particular matter, it would set the parties on two distinct, but concurrent, discovery paths — one in this Court and one in the bankruptcy court, where related discovery is continuing outside of the adversary proceeding. This could potentially result in duplicative efforts by the two courts, as well as run the risk of inconsistent rulings with regard to that discovery and the parties' obligations thereunder. Such dual track efforts could cause

confusion and delay, which may ultimately hinder the resolution of both the adversary proceeding and the underlying bankruptcy.

This leads the Court to conclude that judicial economy, in addition to the parties' own time and resources, will be best served by permitting the bankruptcy judge to continue to oversee the pretrial litigation stage. If and when the matter comes to trial, the Court will have the benefit of a streamlined and uniform discovery process, making it easier for the Court to become familiar with the facts and issues to be presented at trial. Accordingly, the Court denies the Dzierzawskis' motions to withdraw, without prejudice and subject to a re-filing of the motions at a later date.

### IV.  CONCLUSION

For the reasons discussed above, Debtor/Appellant Randy Dzierzawski's motion to withdraw, In re Dzierzawski, 14-14615, (Dkt. 8), and Appellant Kimberly Dzierzawski's motion to withdraw, In re Dzierzawski, 14-14734, (Dkt. 1), are denied without prejudice.

SO ORDERED.


Dated:  June 22, 2015              s/Mark A. Goldsmith
        Detroit, Michigan          MARK A. GOLDSMITH
                                   United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2015.

                                   s/Carrie Haddon
                                   Case Manager